UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKHAIL M. NAZARENKO,<br>Plaintiff,<br>v.<br>META PLATFORMS INC., et al.,<br>Defendants. | Case No. 26-cv-07474-RFL<br>**ORDER DENYING MOTION TO REMAND**<br>Re: Dkt. No. 10 |

Mikhail M. Nazarenko, who is proceeding without the benefit of counsel, filed this case against Meta Platforms, TaskUs, and TaskUs Greece in state court. Though the complaint is difficult to understand, Nazarenko generally asserts a series of claims arising out of his employment and subsequent termination by TaskUs Greece. These claims include intentional infliction of emotional distress ("IIED"); wrongful termination in violation of unspecified anti-discrimination and anti-retaliation statutes; racial and national origin discrimination in violation of California's Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12940; age discrimination and denial of accommodations under the FEHA and the federal Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623; breach of contract; tortious interference with contractual relations; breach of implied-in-fact contract; fraudulent employment misclassification and underpayment in violation of unspecified California Labor Code provisions; violation of California whistleblower protections under Cal. Lab. Code § 1102.5; unlawful political discrimination and retaliation under Cal. Lab. Code §§ 1101–02; and illicit criminal history screening under Cal. Gov. Code § 12952. Meta and TaskUs removed the case to this Court. Nazarenko filed a motion to remand the case to state court. For the reasons

described below, Nazarenko's motion to remand is **DENIED.**

***Removal to Federal Court.*** A defendant can remove a case filed in state court to federal court if the federal court has subject matter jurisdiction over the case. 28 U.S.C. § 1441(a). Federal courts have two primary bases for subject matter jurisdiction: federal question jurisdiction and diversity jurisdiction. *Id*. §§ 1331, 1332. Federal question jurisdiction exists for claims based on the federal Constitution or federal statutes or treaties. *Id*. § 1331. Diversity jurisdiction exists when there is complete diversity of citizenship (no plaintiff is a citizen of the same state as any defendant) and the amount in controversy exceeds $75,000. *Id.* § 1332(a). If some claims are based on federal law and others are based on state law, the federal courts may exercise supplemental jurisdiction over state law claims that are so related to the federal claims "that they form part of the same case or controversy." *Id*. § 1367(a).

There is federal question jurisdiction based on Nazarenko's federal ADEA claim. Supplemental jurisdiction may be exercised over Nazarenko's remaining state law claims because they are based on the same set of facts: specifically, Nazarenko's alleged experience of discrimination, labor law violations, retaliation, and wrongful termination while working for TaskUs Greece. Accordingly, his state law claims form part of the same case or controversy since they "derive from a common nucleus of operative fact" and he would "ordinarily be expected to try them in one judicial proceeding." *See Arroyo v. Rosas*, 19 F.4th 1202, 1209 (9th Cir. 2021) (citation omitted). The Court sees no reason to exercise its discretion to decline supplemental jurisdiction over these claims, in light of how intertwined the evidence and legal issues will be on the federal and state claims. *See* 28 U.S.C. § 1367(c).

***Motion to Remand.*** Defendants must follow a specific procedure to remove a case to federal court. Initially, a defendant files a notice of removal containing "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant." *Id*. § 1446(a). The defendant must file the removal notice within 30 days after they have been formally served and received a pleading that makes clear the case can be removed to federal court. *Id*. § 1446(b)(1); *Murphy Bros. v. Michetti Pipe Stringing, Inc*.,

526 U.S. 344, 347–48 (1999) (holding that thirty-day period does not begin until defendant is formally served or summoned). All defendants who have "been properly joined and served" must consent to the removal. *Id*. § 1446(b)(2)(A).

In this case, defendants Meta Platforms and TaskUs filed a Notice of Removal within thirty days after defendant Meta was formally served. (Docket No. 1.) Nazarenko seeks remand on the grounds that not all defendants consented to removal. Specifically, he alleges that TaskUs Greece never consented and that TaskUs's consent was ineffective because it was through counsel that "lacked any legal representative capacity to bind, speak for, or execute removal metrics on behalf of Defendant TaskUs, Inc." (Docket No. 10; Docket No. 31.) Defendants maintain that because TaskUs and TaskUs Greece have not been formally served or otherwise properly joined as defendants, their consent is not required. (Docket Nos. 1–2; Docket No. 30.)

Only defendants who have "been properly joined and served" must consent to removal. *Id*. § 1446(b)(2)(A). Nazarenko does not dispute that TaskUs and TaskUs Greece were never served. He instead argues that they waived service because TaskUs and TaskUs Greece's counsel sent him an email stating that they represented these defendants and that he should direct communication to them. (Docket No. 10-1.) Nazarenko contends that this email constitutes a general appearance in state court. (Dkt. No. 10 at 3.)

The email on which Nazarenko relies does not constitute a general appearance waiving service. California law provides that "[a] defendant appears in an action" and thereby waives service "when the defendant answers, demurs, . . . gives the plaintiff written notice of appearance, or when an attorney gives notice of appearance for the defendant." Cal. Civ. Proc. Code §§ 410.50(a), 1014. Though the email may have notified Nazarenko of counsel's representation, it is not an attorney's "notice of appearance" submitting to the court's jurisdiction. Only when a defendant engages in conduct that implicitly "recognizes the authority of the court to proceed" can it be said that the defendant entered a general appearance and waived service. *Sanchez v. Superior Ct*., 203 Cal. App. 3d 1391, 1397 (Ct. App. 1988). For this reason, California courts have stated that an attorney's notice of appearance only waives service

"when it is in the form of a written notice *filed in the action* for that purpose." *Farmers & Merchants Nat. Bank of Los Angeles Cnty. v. Superior Ct. of Los Angeles Cnty.*, 25 Cal. 2d 842, 846 (1945) (emphasis added). In this case, the email was not filed in court and contained no recognition of the court's jurisdiction. Nor did the email otherwise agree to waive service on behalf of either TaskUs or TaskUs Greece.

Nazarenko further maintains that counsel's request in the email to direct all future communication to them has prevented him from serving defendants TaskUs and TaskUs Greece. (Docket No. 10 at 2–3). However, counsel merely asked that Nazarenko "refrain from contacting any of the Defendants directly" or through various email addresses. (Docket No. 10-1.) Nazarenko was already prohibited by law from serving the defendants directly because he is a party to this case. Fed. R. Civ. Proc. 4(c)(2). The email cannot be fairly read as discouraging Nazarenko from serving defendants through a third party, such as a process server. At any rate, because a defendant "is not obliged to engage in litigation unless notified of the action . . . by formal process," TaskUs and TaskUs Greece were not required to consent to the removal. *Murphy Bros*., 526 U.S. at 347; 28 U.S.C. § 1446(b)(2)(A).

***Conclusion.*** For the forgoing reasons, Nazarenko's motion to remand is **DENIED.**

**IT IS SO ORDERED.**

Dated: September 16, 2026

RITA F. LIN
United States District Judge